UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Victor B. Perkins,                                              No. 24-cv-140 (KMM/LIB)

        Petitioner,

v.                                                              **ORDER**

Jared Rardin, *Warden*,

        Respondent.

---

Victor Perkins, a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester") commenced this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, Mr. Perkins asserts that Respondent Jared Rardin, the FMC Rochester Warden, is illegally continuing Mr. Perkins' civil detention by denying his request for conditional or unconditional release. Specifically, Mr. Perkins alleges that FMC Rochester has brought disciplinary proceedings against him during his detention and the government has relied on those disciplinary proceedings in concluding that he should not be released from his civil commitment pursuant to 18 U.S.C. § 4247(h).

---

[1] As previously observed in this case, this is not the first habeas proceeding Mr. Perkins has filed in this District seeking relief from his civil commitment. This Court reaches the same conclusion that others have reached before it—Mr. Perkins cannot use a habeas proceeding to raise claims that he can present to the committing court through an appropriate motion. ECF 4 at 2 n.2 (citing as examples of Perkins' prior cases: *Perkins v. Rardin*, No. 23-cv-2487 (PAM/DLM), 2023 WL 6662429, at *1 (D. Minn. Oct. 12, 2023); *Perkins v. Raurdin*, No. 22-cv-1691 (WMW/TNL), 2022 WL 17324986, at *1-2 (D. Minn. Nov. 29, 2022), *aff'd sub nom. Perkins v. Rardin*, No. 22-3586, 2023 WL 3961436 (8th Cir. Jan. 3, 2023)).

On January 29, 2024, United States Magistrate Judge Leo I. Brisbois issued a report and recommendation ("R&R") concluding that Mr. Perkins' habeas petition should be denied. ECF 4. Judge Brisbois explained that although § 4247(g) does not generally preclude a person civilly committed under §§ 4243, 4246, or 4248 from "establishing by writ of habeas corpus the illegality of his detention," habeas corpus is an extraordinary remedy that is usually available when a petitioner has no other remedy. R&R at 2. Judge Brisbois further explained that federal law provides a person subject to civil commitment with an alternative remedy to habeas corpus through § 4247(h), which allows such a committed person, their counsel, or their legal guardian to make a motion in the court that ordered their commitment for a hearing to determine whether they should be released from the facility where they are confined. *Id*.

Judge Brisbois then interpreted Mr. Perkins' claim in this case as being that "he should no longer be civilly committed, and he should be released pursuant to § 4247(h)," but noted that "§ 4247(h) itself provides the mechanism through which" Mr. Perkins can pursue this request. *Id*. at 3. Judge Brisbois further noted that Mr. Perkins could file a motion with the court that ordered his commitment making the same arguments he raises here, and if Mr. Perkins was dissatisfied with the outcome of such a motion, he could file a direct appeal from the committing court's ruling. *Id*. Finally, Judge Brisbois concluded that a "civil detainee may not, however, use habeas corpus as a backdoor method of challenging determinations that by statute are committed to the court that effected the civil commitment," and recommended Perkins' habeas petition be denied. R&R at 3.

Mr. Perkins filed objections to the R&R on January 12, 2024, ECF 5, and the Respondent filed a response to those objections on February 12, 2024, ECF 6. Since the latter half of March 2024, Mr. Perkins has also filed the following additional motions:

1. "Motion for Order to Show Cause," ECF 8;
2. "Motion for Appointment of Counsel Pursuant to CJA and the Sixth Amendment," ECF 9;
3. "Motion for Summary Judgment Due to the Lack of Material Facts in Defense of Habeas Corpus," ECF 10;
4. "Motion for Procedural Order to Show Cause as to Why Motion for Summary Judgment Should Not be Granted Due to the Lack of Material Facts in Defense to Petition and Motion for Summary Judgment Pursuant to Rule 56(c) of the FRCivP in Reply to Respondent(s) Response," ECF 12; and
5. a "Motion for Summary Judgment Due to Failure and/or Neglect to Respond to Petition," ECF 15.

**Legal Standard**

When a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Such objections should identify the part of the R&R to which objections are made and state the reason for the party's objection. *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). A district court conducts a de novo review of those portions of a magistrate judge's R&R to which a party files specific objections. Fed. R. Civ. P. 72(b)(3). This means that a district court "'gives fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 477 U.S. 667, 675 (1980)).

**R&R**

Upon careful review, the Court adopts the R&R in full, and denies Mr. Perkins' petition. In his objections to the R&R, Mr. Perkins raises two related objections. First, he

argues that under § 4247(g), a civilly committed person such as himself is not precluded from establishing the illegality of his detention through a writ of habeas corpus, and that means, contrary to the R&R, "that Habeas Corpus is the correct procedure to file contesting an illegal detention." ECF 5 at 1–2. This objection is overruled. Consistent with the reasoning of the R&R, this Court concludes that there is an alternative remedy to habeas corpus available to Mr. Perkins to raise his arguments. Specifically, Mr. Perkins may file a motion to be released in accordance with § 4247(h). It is worth noting that Mr. Perkins filed his habeas petition in this case two days after an Annual Forensic Report concerning whether he should continue to be detained was filed in the United States District Court for the Eastern District of North Carolina. R&R at 2 n.2 (citing *United States v. Perkins*, No. 5:92-HC-0654-FL (E.D.N.C.)). The Eighth Circuit has previously explained that federal civil detainees should first use alternative remedies before seeking habeas corpus relief. *Archuleta v. Hedrick*, 365 F.3d 644, 648–49 (8th Cir. 2004). Consistent with that approach, the Court agrees with the R&R that this habeas proceeding is not the proper procedural vehicle for challenging his civil detention.

  Second, Mr. Perkins argues that the R&R "misconstrued" his petition because he is not alleging that he is no longer violent or dangerous as he would in a motion brought under § 4247(h), but instead arguing that "the respondent used false and inaccurate reports of incidences said committed by Perkins [t]o deny him release that were inadmissible and impermissible . . . [and violated] his Fifth Constitutional Amendment Rights of the Due Process of the Law Clause." ECF 5 at 2, 3. The Court also overrules this objection. The R&R correctly found that when a "civil detainee believes that the committing court erred

in denying relief under § 4247(h) or has considered evidence that should not have been considered when denying relief, then direct appeal is available from the denial." R&R at 3. Again, this is consistent with precedent. *See Archuleta*, 365 F.3d at 647–49 (finding that habeas relief was unavailable to a civil detainee challenging his continued detention when his claims could be raised through a motion under § 4247(h)). Mr. Perkins' effort to distinguish his case by arguing that he was denied release based on inadmissible and impermissible evidence does not persuade the Court that he could not make his arguments in a § 4247(h) motion. What he certainly cannot do is use a habeas proceeding in this Court to operate as an appeal of decisions of the committing court with which he disagrees.

The Court has conducted the required *de novo* review of this matter and finds that the R&R correctly concluded that Mr. Perkins' petition should be denied. Accordingly, his objections are overruled and his petition is denied.

**Remaining Motions**

Mr. Perkins' remaining motions are also denied. In his motions seeking orders to show cause and his motions for summary judgment, Mr. Perkins argues that the Respondent failed to timely respond to the petition, and there are no disputed material facts that should preclude judgment in his favor. As a result, he suggests that the Court should either issue a show cause order requiring the Respondent to answer the petition or grant Perkins the relief he seeks in his petition—immediate conditional or unconditional release. ECF 8; ECF 10; ECF 12; ECF 15. Mr. Perkins has sought similar relief in at least one other prior habeas proceeding he filed in this District raising similar claims that he presents here. The reasons given in that proceeding for denying such a request apply equally here:

> First, Perkins's request for an order to show cause is without merit. Perkins contends that the relief he seeks should be granted because the Respondent has not yet responded to his Petition. But the Court has not ordered Respondent to respond to the Petition. Rather, the Court first screened the Petition to determine whether a response was required. Given the Magistrate Judge's conclusion that the Petition must be denied and this matter dismissed, no response from Respondent is necessary.

*Perkins v. Rardin*, No. 23-cv-2487 (PAM/DLM), 2023 WL 6662429, at *1 (D. Minn. Oct. 12, 2023). For these same reasons, this Court denies Mr. Perkins' motions for an order to show cause and concludes that he is not entitled to summary judgment.

Finally, because the Court concludes that the habeas petition should be denied, Mr. Perkins' "Motion for Appointment of Counsel Pursuant to CJA and the Sixth Amendment," is denied as moot.

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation, ECF 4, is **ACCEPTED**.
2. Petitioner's Objections, ECF 5, are **OVERRULED**.
3. Petitioner's motions for an order to show cause and for summary judgment, ECF 8, 10, 12, 15, are **DENIED**.
4. Petitioner's motion or appointment of counsel, ECF 9, is **DENIED AS MOOT**.
5. The Petition for Writ of Habeas Corpus, ECF 1, is **DENIED**.
6. The Application to Proceed In Forma Pauperis, ECF 2, is **DENIED**.

**Let Judgment be entered accordingly.**

Date: September 12, 2024                    *s/Katherine Menendez*
                                                               Katherine Menendez
                                                               United States District Judge